UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EYE KEYLA M. CARRUTHERS WASHINGTON A/K/A ANTWAN M. CARRUTHERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-420-DRL-JPK |
| FRITZGERALD, et al., | |
| Defendants. | |

ORDER

Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, a prisoner without a lawyer, filed a complaint and seeks leave to proceed *in forma pauperis*. ECF 1 and 2. A prisoner may not bring a civil action *in forma pauperis* if she has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Ms. Washington has six strikes:

   (1) *Carruthers v. St. Joseph County Jail*, 3:22-CV-618-DRL-MGG (N.D. Ind. filed Aug. 2, 2022), dismissed Aug. 17, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

   (2) *Carruthers v. Prosecutor Attorney*, 3:22-CV-622-JD-MGG (N.D. Ind. filed Aug. 1, 2022), dismissed Aug. 15, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(3) *Carruthers v. Sanford*, 3:22-CV-668-RLM-MGG (N.D. Ind. filed Aug. 15, 2022), dismissed Aug. 24, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(4) *Carruthers v. Cotter*, 3:22-CV-721-RLM-MGG (N.D. Ind. filed Aug. 29, 2022), dismissed Sept. 7, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim;

(5) *Carruthers v. Sanford*, 3:22-CV-742-DRL-MGG (N.D. Ind. filed Sept. 6, 2022), dismissed Sept. 22, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim; and

(6) *Carruthers v. St. Joseph County Jail*, 3:22-CV-593-DRL-MGG (N.D. Ind. filed July 26, 2022), dismissed Nov. 18, 2022, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

An inmate who has struck out "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Ms. Washington seeks monetary damages based on allegations about events which happened when she was an inmate at the Elkhart County Jail. She also asks the court to order Deputy Fritzgerald to be aware of the property of detainees when they are transported. Ms. Washington is not at the Jail – she is currently housed in the Westville Correctional Facility. Nothing in this case is about her being in imminent danger of serious physical injury and she may not proceed *in forma pauperis*.

Ms. Washington knows she cannot proceed *in forma pauperis* unless she is in imminent danger of serious physical injury. She has been told in at least thirty-seven

2

cases. *See* 3:22-cv-720, 3:22-cv-722, 3:22-cv-732, 3:22-cv-739, 3:22-cv-740, 3:22-cv-741, 3:22-cv-743, 3:22-cv-744, 3:22-cv-745, 3:22 -cv-748, 3:22-cv-752, 3:22-cv-755, 3:22-cv-756, 3:22-cv-764, 3:22-cv-771, 3:22-cv-772, 3:22-cv-798, 3:22-cv-799, 3:22-cv-800, 3:22-cv-801, 3:22-cv-802, 3:22-cv-803, 3:22-cv-804, 3:22-cv-805, 3:22-cv-806, 3:22-cv-807, 3:22-cv-808, 3:22cv809, 3:22-cv-810, 3:22-cv-811, 3:22-cv-812, 3:22-cv-813, 3:22-cv-814, 3:22-cv-815, 3:22-cv-816, 3:22-cv-818, and 3:22-cv-819. She doesn't allege she is in imminent danger of serious physical injury. She makes no mention of being "three struck" or being in imminent danger. Yet, she sought leave to proceed *in forma pauperis*. The law requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Ms. Washington attempted to "bamboozle" the court by seeking to proceed *in forma pauperis* in this case when she is not in imminent danger of serious physical injury. This case will be dismissed, the filing fee assessed, and Ms. Washington restricted until

she has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict her from filing a notice of appeal nor "impede h[er] from making any filings necessary to protect h[er] from imprisonment or other confinement, but [it does] not let h[er] file any paper in any other suit . . . until [s]he pays the money [s]he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Nor does it restrict her from filing in any of her open cases because the court has not yet determined whether she is raising imminent danger claims in them.

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) DENIES Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers leave to proceed *in forma pauperis* (ECF 2);

(3) ORDERS the plaintiff, **Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers, IDOC # 968154**, to pay (and the facility having custody of her to automatically remit) to the clerk of this court 20 percent of the money she receives for each calendar month during which she receives $10.00 or more, until the **$402.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Eye Keyla M. Carruthers Washington a/k/a Antwan M. Carruthers (except for a notice of appeal or unless filed in an open case or in a criminal or habeas corpus proceeding) until she has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of 3:23-cv-416 any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

June 14, 2023  *s/ Damon R. Leichty*
Judge, United States District Court